767 F.2d 919
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LARRY ANDERSON, PLAINTIFF-APPELLANT,
v.
ARTHUR C. TAYLOR, ET AL., DEFENDANT-APPELLEES.
 NO. 83-3057
 United States Court of Appeals, Sixth Circuit.
 6/14/85
 
 S.D.Ohio
 REVERSED
 On Appeal from the United States District Court for the Southern District of Ohio, Western Division
 BEFORE: KEITH and KRUPANSKY, Circuit Judges, and NEWBLATT, District Judge.*
 PER CURIAM:
 
 
 1
 This appeal follows the entry of summary judgment in favor of defendants in this 42 USC Sec. 1983 action by plaintiff, an Ohio prison inmate, against two prison guards, the Director of the Ohio Department of Rehabilitation and Corrections and the Superintendent of the Southern Ohio Correctional Facility. Appellant Larry Anderson (Anderson) alleged that the defendants negligently failed to provide for his safety on June 24, 1981 when he was attacked and severely wounded by two knife-wielding inmates after Anderson had been locked in a day room with them. According to the complaint, the defendant guards witnessed the attack, but refused Anderson's plea to unlock the room thus allowing the attack to be made and continued. Anderson seeks compensatory and punitive damages.
 
 
 2
 The district judge referred the matter to the magistrate. Defendants moved to dismiss under Fed. R. Civ. P. 12(b)(6), and Anderson responded attaching a factual affidavit thereto wherein he states in part:
 
 
 3
 That I was at all times mention in my complaint a prisoner incarcerated at the Southern Ohio Correctional Facility, Lucasville, Ohio.
 
 
 4
 That on June 24, 1981, the day I was attacked by two inmates and repeatedly stabbed, while in K-6 cellblock Dayroom; that I did request of the others on duty that they open the dayroom door and let me out before trouble start.
 
 
 5
 That said officers (correctional guards) refused to open the door, and stood by idledly watching when the two inmates attacked and began stabbing me.
 
 
 6
 That both correctional guards act was deliberate and due to their prejudice against Black people.
 
 
 7
 That if the guards would have open the Dayroom door to let me out, the whole incident could have been avoided. And my repeat request to be let out of the dayroom was made more than ten to fifteen minutes before the attack.
 
 
 8
 In response to the defendants' motion as it pertained to the Director and the Facility Superintendent, the magistrate ordered that defendants' counsel supply for an in camera inspection of the records of the facility as to the number of assaults that had occurred during the year immediately preceeding the assault here alleged. The magistrate recited that the purpose of the order was to evaluate the claim under Rizzo v Goode, 423 U.S. 362 (1976); saying as follows:
 
 
 9
 Ordinarily, prison supervisors are immune from liability under the doctrine of respondeat superior. Rizzo v Goode, 423 U.S. 362 (1976). However, 'when continuing acts or omissions by prison officials produce a pattern of violence and such a lessened degree of security that assaults become the rule rather than the exception, then conditions have developed that are intolerable to accepted notions of decency,' and are therefore constitutionally actionable.
 
 
 10
 Upon reviewing the report, the magistrate ruled that there was no 'pattern of violence' at the institution and that the assault was an isolated incident which did not give rise to a Sec. 1983 complaint. In addition, as to the guards, the magistrate found they could not be held liable even if they had acted negligently for the isolated and single assault on the plaintiff. The district judge, after de novo review, adopted the report and ordered the complaint dismissed for failure to state a claim under Rule 12(b)(6).
 
 
 11
 On appeal, Anderson complains that he was not furnished a copy of the report on the number of assaults at the prison as it was ordered sealed by the magistrate. Although Anderson phrases his attack on this basis on a number of theories, it is concluded that he can show no prejudice to his claims flowing therefrom which would warrant reversal. Cf. Hoopes v Equifax, inc., 611 F2d 134, 136 (6th Cir. 1979). It is apparent from a review of the cause that the plaintiff had arrived at the prison only one week prior to his assault. The plaintiff, therefore, could not and does not allege that he had long been the victim of assaults at the prison, nor could he present a personal familiarity with the prison in order for him to know of any pattern of violence. More importantly, however, is the fact that, according to Anderson, two guards were present who were capable of preventing the assault claimed but who failed to act. Hence the report was irrelevant as no facts support Anderson's claim against the supervisory defendants and the order dismissing the claim as to these defendants was appropriately entered.
 
 
 12
 Turning to the claims as to the two guard defendants, it must be noted at the outset that the district court order dismissing the case as to all four defendants recited Rule 12(b)(6) as its basis. This was clearly a mistake as evidence outside the pleadings was considered on both motions; i.e., the report of the defendants the magistrate ordered, the affidavit of the plaintiff attached to plaintiff's response to defendants' motion to dismiss, and the affidavit of the Chief Clerk at the Corrections facility containing that institution's records of proceedings of the Rules Infraction Board and plaintiff's statement given to Captain Chambliss. This means, of course, that the Rule 12(b)(6) motion became a Rule 56 motion for summary judgment. Rule 12(b). In view, then, of the allegations in plaintiff's affidavit (even if inconsistent in some respects with his statement to Captain Chambliss) wherein he stated that he requested the guards to let him out of the day room 10 to 15 minutes before the attack, that the guards refused and stood idly by while he was attacked by these two inmates with knives and stabbed 11 times, it cannot be concluded as a matter of law that there is no genuine issue of fact as to the guard defendants' liability. Stewart v Love, 696 F2d 43 (6th Cir. 1982), is inapposite, while Little v Walker, 552 F2d 193 (7th Cir. 1977) and Curtin v Leverette, 489 F2d 516 (3rd Cir. 1973), both cited in the district judge's opinion in Stewart and adopted by this court, are pertinent.
 
 
 13
 Accordingly, we hold that dismissal as to the guards was improper and reverse as to them only.
 
 
 
 *
 Honorable Stewart A. Newblatt, District Judge, United States District Court for the Eastern District of Michigan, sitting by designation